**HONG ZHENG, Petitioner,**

v.

**Michael B. MUKASEY, Respondent.**

**No. 08–1459–ag.**

United States Court of Appeals, Second Circuit.

Oct. 28, 2008.

---

Dehai Zhang, Flushing, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Greg D. Mack, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

Present: GUIDO CALABRESI,
ROBERT A. KATZMANN and
RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Hong Zheng, a native and citizen of the People's Republic of China, seeks review of a March 17, 2008 order of the BIA, affirming the May 25, 2006 decision of Immigration Judge ("IJ") George T. Chew, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hong Zheng*, No. A98 560 629 (B.I.A. Mar. 17, 2008), *aff'g* No. A98 560 629 (Immig. Ct. N.Y. City May 25, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 159 (2d Cir.2004). We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008). We review *de novo* questions of law and the

application of law to undisputed fact. *Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

■ We find that the agency did not err in denying Zheng's application for asylum. Indeed, the agency reasonably concluded that Zheng, who had not personally suffered any harm as a result of being questioned by police regarding her parents' religion, did not demonstrate that she had suffered past persecution. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir.2006); *see also Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 308 (2d Cir.2007); *Tao Jiang v. Gonzales*, 500 F.3d 137, 141 (2d Cir.2007). Likewise, the agency reasonably found that Zheng had failed to establish a well-found fear of future persecution on account of Chinese officials' mistaken belief that she is Catholic, where she merely demonstrated that the police were interested in questioning her. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004).

■ As to Zheng's family planning claim, in light of the fact that she does not claim to have violated the family planning policy with the birth of her one child, the agency properly found her fear of persecution (economic or otherwise) speculative. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir.2005). Accordingly, we find that the agency reasonably denied Zheng's application for asylum.

Finally, we deem waived any challenge to the agency's denial of Zheng's application for withholding of removal and CAT relief because she has limited her assertion of error to "only a single conclusory sentence." *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for

a stay of removal in this petition is DISMISSED as moot.